## Thomas Welsh v. Robert Ruffin Barrow and another.

A plaintiff has no right to have an allegation stricken from the answer, which, if well founded, would destroy his action, or, if unfounded, would be rejected on the trial on the merits. C. P. 330.

Where a bond is taken under a particular law, it must be construed by it; and the casual insertion in such a bond of an additional condition, not contemplated by the legislature, will not bind the surety.

Where a third person, in possession of property against which a sequestration has been issued in a suit against another, executes what was intended and received as a sequestration bond for the delivery of the property after judgment, but binds himself to pay the amount of any judgment that may be rendered in the case, it will be considered as intended only to secure the delivery of the sequestered property; and where the judgment afterwards obtained in the suit declares that it is to be satisfied by privilege out of the proceeds of the property sequestered, the plaintiff cannot proceed at once against the parties to the bond, personally, for the amount of the judgment, before taking the steps necessary to procure the delivery of the property. He must take out execution against the defendant in the action, to be levied on the property sequestered, when, if not delivered on due demand, he will be entitled to an action on the bond. This is necessary to put the obligors in default. C. P., 279, 280. C. C., 2113, 2122. If the property is not in their hands, the plaintiff must show the fact by the return on the execution; or prove that to issue an execution would be inefficient.

Appeal from the District Court of Terrebonne, *Nicholls*, J.

*Beatty*, for the plaintiff.

*Stevens*, for the appellants. The court erred in striking out the plea of payment. 11 La., 216. The defendants were not put in default. Code of Practice, arts. 279, 280. Civil Code, arts. 2113, 2122. 6 Mart. N. S., 624. 3 La., 99.

Simon, J. This suit is instituted upon a bond given by the defendant, Barrow, in order to be allowed to keep in his possession the property sequestered in the case of *Welsh* v. *Shields et al.*, decided last year by this court, upon which property the plaintiff claimed a privilege, which was subsequently recognized by us in our judgment. By the decree of this court, it was ordered, *that the amount of the judgment rendered below against the defendant Shields, be satisfied, by privilege, out of the proceeds of the property sequestered in due course of law.*

The condition of the bond sued on specifies, that "*if the said*

*R. R. Barrow and Richard H. Grinage, or either of them, shall well and truly satisfy the judgment which may be rendered against the said Barrow according to law,* then it is to be and remain null and void; but, otherwise, to remain in full force and effect.' This bond recites that, "Whereas the said Barrow *is desirous to obtain possession of the property sequestered in said suit,"* and the said property was left in his hands accordingly.

The defence sets up that Shields, the principal defendant in the first suit, has paid to the plaintiff the amount of his services as overseer, for 1841; and further states that the fact of payment came to the knowledge of the defendants since the trial in said suit; that Welsh and Shields had a full and final settlement of all indebtedness; and that respondents are not able to plead more specially, as their information is derived from the declarations of the plaintiff, who did not state the time, when the payment was made, &c.

It further appears that, before the case was fixed for trial, on the motion of the plaintiff's counsel, the judge *à quo* ordered the whole of the defendants' answer setting up payment of the amount sued for to be stricken out, and that the case was fixed for trial *instanter*. The defendants' counsel excepted to this opinion of the inferior court, but the bill of exceptions not having been brought up with the record, the counsel have agreed on a written statement of the point in controversy, as it was presented below on the trial of the motion.

The plaintiff obtained judgment against both defendants, *in solido,* for the amount of the judgment rendered in the first suit, with the interest and costs accrued thereon; from which, after a vain attempt to obtain a new trial, said defendants have appealed.

It seems to us that the motion of the plaintiff's counsel to strike the defendants' plea of payment out of their answer, and the order rendered thereon, was rather an extraordinary and irregular proceeding. It is true that the answer did not state the time at which the alleged payment was made ; and that, if it was made before judgment in the first suit, this defence, perhaps, would not have benefitted the defendants, unless they were really ignorant of it; but this is no reason why the defendants

Welsh v. Barrow and another.

should be protected from pleading a defence, which, if well founded, would have destroyed the plaintiff's action, but which if unfounded, would have been rejected on the trial on the merits. Code of Practice, art. 330. The bill of exceptions states that the court *à qua* was called on by the plaintiff's counsel, before proceeding to the trial, to compel the defendants to amend their answer, so as to declare the payment therein set up to have been made subsequent to the judgment of the court in the first case. We are not ready to say that the plaintiff had any such right; nor, even if the payment had been alleged to have been made after the judgment, that the plea should have been stricken out. This defence set up by the defendants was either available or not. They might have put interrogatories to the plaintiff to establish the fact and the time of the payment, and they were precluded from doing so, by their pleas having been rejected and stricken out of their answer, previous to proceeding to the trial. Moreover, it may be that they were able to show the circumstances under which the payment, though made after the judgment, would have been a good plea. The payment is alleged to have been made by the principal debtor. They state that they were ignorant of the fact; and we are not prepared to say that when a principal debtor who has paid the obligation without the knowledge of the security, does not avail himself of the plea, such security should not be permitted, even after judgment against the principal, to oppose such payment, in an action in which he is sought to be made personally liable. There was originally no judgment rendered against Barrow personally, and his means of defence, either well founded or not, could not properly be rejected until the the trial of the case on its merits. This should be recognized as a general rule in practice, to which this case cannot be taken as an exception. This cause, therefore, if this were the only question at issue before us, should be remanded for a new trial for the purpose of reinstating the defendants' plea of payment, and of giving them the benefit of it, if available.

But there is a fatal objection to the plaintiff's maintaining this action. It is this : this suit is brought upon a bond taken by the sheriff in lieu of the property sequestered. Although it

states that the obligors shall pay the amount of the judgment to be rendered below against Barrow, it was received as a sequestration bond, within the meaning of the 280th art. of the Code of Practice, among the objects of which, it is stated that the party giving bond should faithfully present the property sequestered, after definitive judgment, &c.    We have often said that when a bond is taken with reference to a law, it must be construed by it ; and that the casual insertion in a bond of an additional condition, not contemplated by the legislature, will not bind the surety.   2 La. 399.    Now, although the bond sued on stipulates that the subscribers thereof shall well and truly satisfy the judgment which may be rendered against Barrow, who was then in possession of the property, and against whom · the sequestration had been obtained, it is clear that its principal, nay, its only object was virtually to secure the presentation or delivery of said property, after the judgment which might be rendered against the possessor of the property sequestered, who was not the principal defendant in the suit, and against whom, personally, no judgment was or could be rendered.    According to the decree of this court already alluded to, the judgment rendered below against the defendant Shields, was *to be satisfied, by privilege, out of the proceeds of the property sequestered,* (then in Barrow's possession under the bond) *in due course of law.*    This was the judgment rendered against Barrow, who became bound thereby to deliver the said property to the sheriff, *according to law,* in order that the plaintiff's judgment against Shields might be satisfied out of the proceeds of the sale thereof, in due course of law.    Surely, this did not entitle the plaintiff to proceed by suit immediately against the subscribers of the bond, before having taken the necessary steps to procure the presentation and delivery of the property sequestered ; and to claim from them personally the amount of his judgment against Shields.    It was his duty to issue an execution against the latter, to be levied on the property sequestered, and then, if it was not delivered to the sheriff, on due demand made thereof, this refusal or neglect, on the part of the obligors under the bond, would have entitled him to his action against them, to be indemnified according to the penalty stipulated in the said bond.    This course should have

been pursued, in order to put the obligors in default, in the manner contemplated by law. Code of Practice, arts. 279, 280. Civil Code, arts. 2113, 2122. 6 Mart. N. S. 624. And the plaintiff having failed so to do, previous to instituting the present action, we are constrained to dismiss it. *Non constat* that the property sequestered was not in Barrow's possession at the time that the execution should have issued, and that he was unable to deliver it then, so as to render the putting in default a useless and nugatory proceeding. If so, it was the duty of the plaintiff to show the fact by the return of the sheriff on the execution, after an unsuccessful attempt to obtain its delivery; or to establish that our requiring it, would prove inefficient.

It is, therefore, ordered and decreed, that the judgment of the District Court be annulled and reversed; and that ours be for the defendants, as in case of nonsuit, with costs in both court.

---

In the cases of *Peter G. Creiger* v. *John Goodin, William D. Leland* v. *Thomas Barrett, John Walsh* v. *François Pralon,* and *Ulger Lauve* v. *George Guth,* from the Commercial Court of New Orleans, the judgments below were affirmed on appeal, in New Orleans, with damages, during the period embraeed by this volume.