## No. 1440.—NOBLE & KAISER v. J. L. WARNER.

Where a steamboat is sequestered in a suit against the owners, and released on their giving a bond conditioned that they will not make any improper use of the property, and that they will faithfully present it after definitive judgment, the judgment creditor, after a final judgment has been rendered against the boat and owners, may proceed directly on the bond without observing the formalities of issuing execution against the owners and having it returned *nulla bona*.

APPEAL from the Sixth District Court of New Orleans. *Duplantier, J. B. Egan,* for plaintiffs and appellees, *Emerson & Grow,* for defendant and appellant.

TALIAFERRO, J.   Noble & Kaiser in June, 1861, brought suit against Wm. Buchanan and J. R. Shannon as owners of the steamboat Burton for $434.38, with five per cent. interest from judicial demand, and sequestered the boat, claiming a lien and privilege upon it for supplies furnished. They obtained judgment in February following in conformity with the prayer of the petition. On the seventeenth of June, 1861, soon after the seizure of the boat, Buchanan, the only ostensible owner of the boat released the sequestration by giving bond as required by law in such cases, and Warner, the defendant in this suit became his surety on the bond. The present suit is against Warner upon this bond of release. The plaintiffs claim in this suit the amount of their judgment in the suit against Buchanan and others v. owners of the steamer Burton, and in addition the sum of $159 45 costs of suit, with legal interest on that amount from fifteenth of February, 1862. The plaintiffs had judgment as prayed for and the defendant has appealed.

The defendant filed exceptions to the proceedings as premature, alledging that the writ of *fieri facias* referred to in the petition was returned before the expiration thereof and that the requisite legal formalities had not been observed. The exceptions were cumulated with the answer.

The chief ground of defense is that prior to the issuing of the *fieri facias* the steamboat in the spring of 1862, was seized and taken possession of by the Confederate forces against the consent, protest and remonstrances of the defendant. That said boat was kept in the possession of those forces until about the twenty-sixth day of April, 1862,

when she was captured by the Federal forces and by them kept against the will and protest of the defendant until she was sunk, destroyed and totally lost prior to the issuing of the writ of *fieri facias*. The defendant further set out that the owner of the boat is prosecuting a claim against the United States for the value of the boat, and that he has tendered the plaintiffs a conveyance of so much of said claim as will fully pay the plaintiffs' debt, interest and costs, which offer and tender they have refused.

The defendant argues that as a condition precedent to recovery from the surety in this case it must be shown that an execution issued and was regularly returned *nulla bona*, and contends that the return was prematurely made. We find no *fieri facias* in the transcript. The record in part is somewhat meagre and unsatisfactory. It sufficiently appears, however, that an execution was issued. The judgment in favor of plaintiffs against the "Burton" and owners was rendered on the fifth of February, 1862, an appeal was taken and a decree rendered by this court on the nineteenth of June, 1865, confirming the judgment of the lower court. See 20 An. p. 121. There is nothing to show whether the appeal was suspensive or devolutive. If suspensive, it was out of the power of plaintiffs to proceed with an execution before the seizure of the boat by the military authorities; and to issue it after the final judgment on appeal, would have been a vain and useless thing so far as relates to the boat, which long before had been destroyed. But the plaintiffs charge that the defendant after releasing the steamer from the sequestration sold her, and that the boat was not taken from the possession of defendant by the Confederate authorities and against their will. The defendant replies to this that the sale was made to a co-owner, and that the sale made no change adverse to plaintiffs' right. It seems that the original suit was brought against Buchanan and Shannon. In that case Shannon filed a general denial and made no defense whatever as owner or otherwise, and it is abundantly shown that he was not a co-owner of the boat at the time she was sequestered, but only the agent of the boat. Shannon testified in this case at great length. He says, "the boat stood in the name of William Buchanan at the time of the seizure by the plaintiffs in this suit. He was then the owner of the boat. I purchased from him about five months previous to Buchanan's death, which occurred in April, 1862. James D. Dunbar was a co-owner with Buchanan at the time of the seizure in this suit (Noble & Kaiser v. the steamer Burton and owners). I was not interested in the boat at the time of the seizure of Noble & Kaiser; I was however the agent of the boat and I was furnishing her with supplies."

It is fully made out by the evidence of Shannon and Biossat that the steamer was seized by the Confederate authorities in April, 1862, when Shannon was the sole owner, having purchased her after the execution

of the bond releasing the sequestration. The defendant had by the act of selling the boat put it out of his own power to comply with the condition of the bond which bound him to produce the boat when required, to be made subject to the payment of the plaintiffs' judgment. The boat was seized by the Confederate authorities while under the control of Shannon, the then owner, and the defendant's plea of overpowering force, if available under a different state of facts, falls to the ground. This court has, in several cases presenting analogous conditions, determined that the remedy was directly on the bond. The condition of the bond that " the defendant should not make an improper use of the property, and that he shall faithfully present it after the definitive judgment," was clearly forfeited and the plaintiffs were at liberty to proceed at once upon their bond without being compelled to pursue more dilatory and circuitous measures.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs in both courts. See 1 An. 122; 10 An. 284; 4 An. 372; 7 An. 110; 9 An. 422; 9 Rob. 535; 2 An. 188.