## No. 313.—E. W. WARFIELD et al. *v.* F. P. STUBBS et al.

Personal property that has been seized under a sequestration and released from seizure on a bond given by the defendant reverts back to his possession, and he may dispose of it at his pleasure without consulting the seizing creditor.

In such a case the securities on the bond can not escape liability on the ground that the defendant has been required to remove the property sequestered from the premises leased.

APPEAL from the Fourteenth Judicial District Court, parish of Ouachita. *Ray,* J. *W. J. Q. Baker,* for plaintiffs. *Stubbs & Cobb,* for defendants and appellants.

LUDELING, C. J. This suit is to enforce the obligation contracted by the defendants, sureties on a bond, given to release movable property seized under a writ of sequestration.

The defense is that the sureties are discharged from all liability on the bond, because Oliver was required by the lessors to remove from premises leased the movables sequestered, as thereby they lost their privilege and right of pledge on the property, and they could not subrogate the defendants to all their rights, privileges and liens unimpaired as they existed at the time defendants signed the bond.

There is no merit in the defense. It is well settled that after the sequestration had been set aside by executing the delivery bond, Oliver had the right to dispose of the movables without the consent of the plaintiffs, and that the latter had no power to prevent the former from removing the property from the plantation leased. The bond was substituted for the property.

The obligation of the sureties in this case was that they would be responsible that the defendant Oliver would not send the movables seized out of the jurisdiction of the court; that he would not make an improper use of them, and that he would faithfully present them after definitive judgment in case he should be decreed to restore them to the plaintiffs. C. P. 279. The judgment of the court having been against Oliver, and the principal and sureties to the delivery bond having failed to restore the property bonded to the plaintiffs, the sureties have incurred the penalty of the bond.

But the evidence in this record shows that the sureties were aiding and assisting their principal Oliver in all the transactions between Oliver and the plaintiffs, of which said sureties now complain, and that a large portion of the movables were placed in the possession of Stubbs & Cobb and B. M. Horrell & Co. Therefore neither equity nor law will support the defense set up. The case of Charles Clapp v. Henry Seibrecht, cited by defendants, instead of supporting their position is directly against it. 11 An. 528. The other authorities cited are not in point. In the case of Harrison v. Jenks et als., 23 An. 707, the question decided was that the privilege of the lessor was not destroyed by the release of the provisional seizure by bonding, and that if the property remained on the premises leased, the privilege might be still asserted against it. It was not, however, decided that notwithstanding the defendant had bonded the property he could not remove it from the premises leased. To hold this would be practically to repeal article 279, Code of Practice.

The only question to be examined as between Stubbs & Cobb and B. M. Horrell & Co. is whether or not the latter are entitled to a credit on the judgment in favor of Stubbs & Cobb over against them for the proceeds of forty-five or forty-six bales of cotton received from Oliver and accounted for to him. It is contended that whatever Stubbs & Cobb received as sureties for Oliver they must account for to B. M. Horrell & Co., their guarantors. If Stubbs & Cobb received this cotton as security to indemnify themselves against loss on account of their obligation as Oliver's security, the position is, no doubt, correct. But the evidence does not, in our opinion, establish that fact. It appears that after the release of the property from the seizure under the sequestration, and after the seizure of the property under a *fieri facias* issued under a judgment in favor of B. M. Horrell & Co., Oliver

delivered to them the cotton aforesaid for shipment. They accounted to him for the proceeds thereof, thus: They retained the amounts due them by Oliver for fees in several suits and for bagging, etc., furnished for the cotton, and paid him seven hundred dollars in money. If Oliver could dispose of the property after the release, we can imagine no good reason why he could not pay his attorneys as well as B. M. Horrell & Co. themselves, as they did out of the proceeds of the cotton.

The plaintiffs and appellees have prayed for damages for a frivolous appeal. We think they are entitled to them.

It is therefore ordered and adjudged that the judgment appealed from be affirmed, with costs and ten per cent. damages for a frivolous appeal.

Rehearing refused.