## No. 3530.

### JEAN SEGASSIE *v.* ANTOINE PIERNAS et al.

*The surety on a release bond is responsible only for the value of movables, when not delivered according to the stipulations of the bond after judgment in favor of the plaintiff. It is only when the property is land that the law fixes responsibility for revenues.*

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J. W. E. Murphy*, for plaintiff and appellant. *Rightor & McCollum*, for defendants and appellees.

HOWELL, J. This is a suit against the sureties on a release bond, and the principal question as stated by plaintiff's counsel is whether said sureties are liable for the fruits and revenues of movable property sequestered and released on bond.

Article 280, C. P., says: "The security thus given by the defendant, when the property consists in movables, shall be responsible that he shall not send away the same out of the jurisdiction of the court; that he shall not make an improper use of them; and that he will faithfully present them, after definitive judgment, in case he should be decreed to restore the same to the plaintiff.

"Article 281. As regards landed property, this security is given to prevent the defendant, while in possession, from wasting the property, and for the faithful restitution of the fruits that he may have received since the demand, or of their value in the event of his being cast in the suit."

The bond required is to be for the amount fixed by the judge, as equal to the value of the property to be left in the possession of the defendant. Article 279.

Segassie v. Piernas et al.

From these provisions of the law we conclude that the surety on such bond is responsible only for the value of movables, when not delivered according to the stipulations of the bond after judgment in favor of the plaintiff.

It is only where the property is land that the law fixes the responsibility for revenues.

In this case the value of the property was established to be $1025 when taken from the plaintiff in sequestration, and the portion returned to him is shown to have been only three hundred and thirty-five dollars, from depreciation and death, and it is not satisfactorily proven that the defendants in the sequestration took the care of the property which the law imposed on them.

It is therefore ordered that the judgment appealed from be set aside, and that plaintiffs recover of the legal representatives of the defendants in their virile proportion the sum of six hundred and ninety dollars, with five per cent. interest from first March, 1870, subject to a credit of seventy dollars deposited in court on twenty-eighth April, 1871. It is further ordered that defendants pay costs in both courts.