## No. 1195.

### HENRY MATERNE vs. MICHEL LION ET AL.

A release bond, furnished to set aside a sequestration, in furtherance of an order made on the petition of one claiming to be the agent of the plaintiffs, and represented to be such by the counsel of the latter, will be considered as the deed of the plaintiff, when signed by such party in their behalf.

In default of a delivery of the property released on such bond, after judgment declaring it to belong to the defendant, the plaintiff, as principals, and their surety, will be held responsible for the value of the same.

APPEAL from the Twenty-first District Court, Parish of St. Martin. *Fontelieu, J.*

*Felix Voorhies* for Plaintiff and Appellee.

*Edward Simon* for Defendants and Appellants.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an action against parties represented as being the principals and surety on a bond furnished for the release of a quantity of logs sequestered in a suit brought in the name of the former.

The defense is, substantially, that the party who signed the bond in the names of the principals was not authorized to do so, and hence, that the bond is a nullity, not only as to the principals, but also as to the surety.

Materne vs. Lion et al.

The lower court having allowed one thousand dollars as the value of the logs, the defendants have appealed. The plaintiff answered, praying for an amendment by enlarging the judgment to fifteen hundred dollars.

The evidence shows, that Mrs. Laloire and Michel Lion, claiming to be the owners of certain 150 logs, caused them to be sequestered in a suit against Henry Materne ; that subsequently, on the petition of L. E. Laloire, representing himself as the agent of his wife and of M. Lion, the court dissolved the sequestration on a bond for one thousand dollars. Laloire signed the bond as the agent of both, and Jules Oger served as surety therein. Thereupon, L. E. Laloire took possession of the logs and subsequently sold them. · In due ·course judgment was rendered, recognizing ownership of the property in the defendant and entitling him to a writ of possession to recover the same.

It is expressly admitted that the writ having issued, Laloire, agent, and Oger, surety, answered that the logs were not in their possession and they did not know what had become of them.

The counsel who filed the sequestration suit in the name of Mrs. Laloire and of Mr. Lion are the same who represented Laloire as the agent of both in the petition for authority to bond. Their authority has never been questioned in that, nor is it in the present suit.

.The judgment settling the question of ownership was rendered and signed in October, 1881. Having become sovereign by the lapse of time, it absolutely concludes the parties thereto.

The objections of want of authority in Laloire, urged by Mrs. Laloire, and of M. Lion, to the validity and binding effect of the proceedings and of the judgment are entitled to no weight. Mrs. Laloire made the affidavit for the sequestration at foot of the petition presented in her name, with the assistance of her husband, who specially authorized her in writing in the premises. It is in proof that Mrs. Laloire knew of the release of the sale, and received the proceeds, which she applied, to some extent, at least, towards improving property individually belonging to her. The suit was brought, the affidavit made, and the bond signed by Laloire, as Lion's agent under a special power, copy of which was properly admitted in evidence, after fruitless attempts to compel production of the original by the principal.

The petition for bonding the sequestered property, having been presented by Laloire, as the agent of both his wife and Lion, in a case in which they were legally in court, and his authority to file the same and to sign the forthcoming bond in the same suit not having been disputed, and the litigation being closed by a final judgment which binds conclusively all the parties thereto, the inference is, that his authority

cannot, at this late hour, be drawn in question, and that the defendants Mrs. Laloire and Lion must be held to be the principals in the delivery bond, which even otherwise would be binding on Oger, the security, who cannot dispute the agent's authority. '

We have considered the evidence touching the value of the logs, and think that the District Judge has correctly fixed it at one thousand dollars.

Judgment affirmed.