MONROE, J.
Plaintiffs instituted suit in the district court for the parish of St. Mary, alleging that J. T. Dowdell had, without authority and clandestinely, cut and removed from their land cross-ties to the value of $1,200 which were still in his possession, and praying that they be sequestered, that the defendant be cited, and for judgment with privilege on said ties. A writ of sequestration was accordingly issued, under which the ties were seized, and on motion of defendant they were released on his furnishing bond in the sum of $750, with C. W. Coleman as surety. The defendant then answered, the case was tried, and there was judgment for plaintiffs, decreeing that “the writ of sequestration be perpetuated as prayed for, and in accordance with the existing law governing such cases,” and condemning the defendant in the sum of $750, with interest. Thereafter the plaintiffs issued execution, which was returned nulla bona. They then sued the surety on the release bond, and in the district court obtained judgment against him, which was reversed by the Court of Appeal, and it is this last-mentioned judgment that we are called on to review.
Our learned Brethren rest their judgment upon the following propositions of fact and law, as stated in their opinion, to wit:
“Plaintiff’s judgment against Dowdell neither decrees the ownership of the ties, nor does it recognize any privilege on said ties in favor of plaintiffs. * '* * It is a well-settled rule of practice that the silence of judgment is equivalent to a rejection of every demand in the petition which is not specially reserved in favor of the petitioner. Rauxet v. Rauxet, 38 La. Ann. 009; Yillars v. Faivre, 36 La. Ann. 398. * * * The perpetuation of the writ of sequestration, without decreeing the ownership of the property under sequestration, and without ordering the property sold to satisfy some privilege, the only two instances where the writ may issue, can have no effect as to Coleman. The issue in this case is covered by the decision in Nalle v. Baird, 30 La. Ann. 1148.”
The answer to this, it seems to us, is that the plaintiffs alleged that the defendant had, without authority and clandestinely, removed their property from their land, and prayed for judgment against him for its value, and that the property which was still in his possession be seized and held to respond to such judgment. The defendant obtained the release of the property on a bond, the condition of which was (and is) that said property would (and will) be presented in case there should be judgment decreeing its restoration to the plaintiffs; otherwise, that the parties to the bond would (and null) pay $750 (Code Prac. art. 280), and the defendant now before the court became surety on that bond. Thereafter the plaintiffs obtained judgment condemning the original defendant to pay $750, and in terms maintaining the writ of sequestration under which the property had been seized. This was in effect to decree that the property should be restored to the plaintiffs, and held to respond to the moneyed demands of their judgment, and it is immaterial whether the result was reached upon the theory that plaintiffs were entitled to a privilege on the property, or upon the theory that they were the owners of it. The property was not presented, execution was issued against the principal and returned nulla bona, and the surety on the bond is liable according to the terms of his contract and the law. This view, we think, is in harmony with that expressed by the court in Nalle v. Baird, 30 La. Ann. 1148 (upon which the opinion of the circuit court is predicated), and conflicts with no decision to which our attention has been called, or with which we are acquainted.
It is therefore ordered, adjudged, and decreed, that the judgment of the Court of Appeal, here made the subject of review, be *422 annulled, avoided, and reversed, and that the judgment rendered in this ease by the district court be affirmed; the defendant to pay all costs.