(98 South. 669)

No. 25859.

ALBERT PICK & CO. v. DICKINSONS, Inc., et al.

(Nov. 12, 1923. Rehearing Denied by Whole Court Jan. 7, 1924.)

(Syllabus by Editorial Staff.)

1. Pleading ☞311—Judgment referred to in petition held part thereof.

In a suit on a forthcoming bond given to release personalty under a writ of sequestration where the judgment sustaining the writ was specifically referred to in the petition and made a part thereof, held, that in its language, figures, and terms it was as much a part of the petition as if it had been set out at large therein.

2. Sequestration ☞20—Judgment held in effect to decree restoration of property seized.

In a suit on a forthcoming bond in sequestration, a judgment sustaining a sequestration. recognizing plaintiff's lien and chattel mortgage, and ordering the property seized sold to satisfy it, held in effect a judgment decreeing restoration of the property.

3. **Sequestration ⬒20—Pleading and proof as to seizure of property under judgment held sufficient.**

In a suit on a forthcoming bond in sequestration, where it was contended that plaintiff failed to allege that he had caused a writ of fieri facias to be issued under his judgment, or subjected .the property to seizure, allegation and proof that, after the judgment became final, plaintiff caused a commission to issue to the sheriff to sell the property, that the sheriff made demand on the principal and surety of the bond to present the property bonded, and on their failure to do so returned the commission into court unsatisfied, *held* sufficient to put the obligors on the bond in default.

4. **Sequestration ⬒20—Valuation of property released under forthcoming bond held conclusive on defendant and surety.**

In an action on a forthcoming bond in sequestration, where the surety defended on the ground that the goods released were not worth the amount of the bond, *held*, that the valuation placed on the property by the court was binding on defendant and his surety, in the absence of allegations of fraud or collusion, in view of Code Prac. art. 279.

5. **Sequestration ⬒20—Tender of property by surety on forthcoming bond held insufficient.**

In a suit on a forthcoming bond given in sequestration proceeding, wherein the surety alleged tender of the property to the sheriff, a letter by the agent of the surety to the sheriff, to the effect that the surety was ready to turn back the property and be released on the bond, was insufficient, where no property was returned or tendered or pointed out to the sheriff.

6. **Sequestration ⬒20—Surety on forthcoming bond not released because part of goods sequestered were sold to satisfy existing lessor's lien.**

A company which is surety on a forthcoming bond in sequestration is not released from its obligations because, at the time of the sequestration, the goods released were subject to a lessor's lien; a portion of them being subsequently seized and sold to satisfy such lien.

Appeal from First Judicial District Court, Parish of Caddo; E. P. Mills, Judge.

Action by Albert Pick & Co. against Dickinsons, Inc., American Surety Company, and others. Judgment for plaintiff, and defendant surety company appeals. ⤳Affirmed.

E. W. & P. N. Browne, of New Orleans, for appellant.

Murff & Mabry, of Shreveport, for appellee.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

ROGERS, J. This is a suit on a forthcoming bond given to release personal property seized under a writ of sequestration. The bond was executed by Dickinsons, Inc., as principal, with the American Surety Company of New York as surety.

Plaintiff had sold to W. L. Dickinson, who subsequently incorporated as Dickinsons, Inc., a certain lot of restaurant fixtures, retaining a vendor's lien and chattel mortgage thereon which was duly recorded.

Upon the failure of the maker to pay the chattel mortgage notes, plaintiff, some time after they had fallen due, instituted suit thereon, asked for and obtained a sequestration of the property subject to his lien and mortgage, and prayed for judgment for the amount due, with recognition of his said lien and privilege. W. L. Dickinson and others, including Dickinsons, Inc., were made parties to the suit.

Under the writ of sequestration a portion of the goods were seized in a building, owned by Dr. John P. Scott, on·Texas street, in the city of Shreveport; another portion of the goods were seized in a building, owned by Mrs. Bettie Scott Youree, in the rear of the Dr. Scott's building; while other portions of the property were seized in various places about the town and on the farm of defendant Dickinson.

Alleging ownership of the property seized, Dickinsons, Inc., bonded the same, first, on an ex parte showing, for $7,000, but subsequently for $15,000 under an order of court rendered after a full hearing on a rule taken by plaintiff to increase the bond to an amount sufficient to cover the value of the property sought to be released. Upon the·execution of

the latter bond the property sequestered was released by the sheriff.

The trial of the suit resulted in a judgment for plaintiff against W. L. Dickinson and Dickinsons, Inc., in the sum of $14,178.38, with interest and attorney's fees, aggregating more than $15,000, sustaining plaintiff's vendor's lien and chattel mortgage on the property sequestered, maintaining the writ of sequestration, and ordering the property sold to satisfy the judgment, interest, and costs.

After this judgment had become final, plaintiff had a commission to sell issued to the sheriff ordering him to sell said property to satisfy the judgment. Under this order, the sheriff made written and repeated verbal demands upon the principal and his surety on the bond to surrender the property, which was not done, and, after the lapse of more than 10 days, the commission to sell was returned unsatisfied. Plaintiff then brought this suit to recover on the bond to the full amount thereof.

Defendant surety company filed an exception of no cause of action, which was overruled, and defendant then answered, with reservation of its rights under the exception.

Defendants, on the merits, set up various grounds of defense in order to escape liability on the bond. They contend, first, that the goods bonded were not worth $15,000, the amount of the bond; second, that the surety company tendered the property to the sheriff, and was thereby released from its obligation; and, third, that the goods released from the sequestration were subject to a lessor's lien when seized, and part of them were subsequently seized and sold to pay the rent claim thereon, and therefore defendants were released, because plaintiff would have been unsuccessful in a contest between it and the lessor.

Judgment was rendered in favor of plaintiff and against defendants, Dickinsons, Inc., and the American Surety Company, for $15,000, the full amount of the bond, with legal interest from judicial demand and costs. From this judgment, the American Surety Company has appealed.

The exception of no cause of action filed by the surety company is predicated upon the alleged failure of plaintiff to bring its petition within the purview of article 280 of the Code of Practice and of the terms of the release bond sued on.

Under the article the conditions of the bond sued on are:

(1) That the defendant shall not send the property out of the jurisdiction of the court.

(2) That it shall not make any improper use of it.

(3) That it will faithfully present the property after definitive judgment, in case it should be decreed to restore it to plaintiff.

It is argued, on behalf of the exceptor, that plaintiff has not alleged that defendant or the surety had either sent the property out of the jurisdiction of the court, or had made any improper use of it, thus precluding a recovery under the first two conditions of the bond, and that as to the third condition thereof plaintiff has not averred that there has been any judgment in the sequestration suit condemning defendant to restore the property to plaintiff.

The judgment forming the basis of the present suit sustained the writ of sequestration; recognized plaintiff's vendor's lien, chattel mortgage, and sequestration as superior to all claims, including the Dickinsons, Inc.; and ordered the property seized sold to satisfy the same.

[1, 2] The judgment is specifically referred to in plaintiff's petition and made a part thereof, and therefore, in its language, figures, and terms, is as much a part of the petition as if it had been set out at large therein.

The decree sustaining the sequestration, recognizing plaintiff's lien and chattel mortgage, and ordering the property seized sold to satisfy same is, in effect, a judgment decreeing the restoration of the property. Love v. Voorhies, 13 La. Ann. 549; Perret v. Coleman, 115 La. 814, 40 South. 176; Swift & Co. v. Cahn, 151 La. 839, 92 South. 355.

It is contended that nowhere in plaintiff's petition is it alleged or shown that plaintiff caused a writ of fieri facias to be issued under its judgment or subjected the property to seizure in any way.

It is alleged and shown in the petition that after the judgment became final, plaintiff caused a commission to issue to the sheriff "ordering and commanding him to advertise and sell the property seized and sequestered in said cause, to satisfy the judgment and cost in said cause, as may be seen by the record in said cause."

It is also shown in pursuance of this commission, or order of court, the sheriff made written and verbal demands upon the principal and surety on the release bond to present the property bonded, and upon the failure of the said obligors on the bond to do so, returned into court said commission, or order, to sell, unsatisfied.

[3] It will thus appear that plaintiff has alleged and shown that all legal steps necessary to subject the property to its lien were taken. It caused execution to issue on the judgment, under which due demand was made for the restoration of the property without avail. The obligors on the bond were thus put in default, and that delivery of the property was not made by them is shown by the sheriff's return of nulla bona on the commission, or order of court, to advertise and sell the property sequestered in said suit. Therefore all legal prerequisites were complied with by plaintiff before it instituted the action upon the bond. Welsh v. Barrow, 9 Rob. 535;

Noble & McKain v. Warner, 21 La. Ann. 284; Materne v. Lion et al., 35 La. Ann. 988; Downey v. Kenner, 42 La. Ann. 1129, 8 South. 302.

The exception of no cause of action was correctly overruled by the district judge.

[4] 1. In considering the first ground of the defense on the merits, that the goods released were not worth the amount of the bond, we find, from an examination of the record, that $15,000 was the valuation placed upon the property by the court in a proceeding had contradictorily between the parties. This judgment is binding on the defendant and is also conclusive against the surety company, in the absence of any allegation of fraud or collusion between plaintiff and defendant in the sequestration suit. C. P. art. 279; Fusz & Backer v. Trager & Noble, 39 La. Ann. 292, 1 South. 535; Carroll & Co. v. Hamilton, 30 La. Ann. 523.

[5] 2. On the question of the alleged tender by the surety company to the sheriff, we find that the only evidence of tender consists of a letter, dated November 14, 1921, written by the agent of the surety company to the sheriff, merely to the effect that said company was ready to turn back the property and be released on the bond. However, no property was returned, or tendered, to the sheriff, nor pointed out to him, as is shown by his return in January, 1922, on the commission to sell, and his testimony given in explanation thereof.

[6] 3. The third ground of defense on the merits is that the surety company is released from its obligation because at the time of the sequestration the goods released were subject to a lessor's lien and a portion of them were subsequently seized and sold to satisfy said lessor's lien, and that, in any event, in a contest over their priority rights plaintiff would have been unsuccessful against the lessor.

This court has had this exact point before it on several occasions, and each time decided it adversely to the contention of defendant. Gordon v. Diggs, 9 La. Ann. 422; Clapp v. Seibrecht, 11 La. Ann. 528; Warfield v. Stubbs, 24 La. Ann., 569; Coguenhem v. Himalaya Planting & Mfg. Co., 140 La.' 476, 73 South. 301.

In Clapp v. Seibrecht, this court held that a surety on a bond given to release property sequestered by the vendor to satisfy his privilege is liable, notwithstanding the property was subsequently sold to satisfy a lessor's privilege for rent of premises in which the property had been stored, and which existed on the property at the time it was sequestered.

And in Coguenhem v. Himalaya Planting & Mfg. Co., 140 La. at page 484, 73 South. 304, we find the following:

"The plaintiff is not concerned with the contest among the interveners or opponents, whose petitions were filed after the property sequestered was released on bond. * * * "The plaintiff avoided taking any part in the contest among the interveners, because, if he was entitled to have the writ of sequestration maintained, his claim against the surety on the forthcoming bond could not be affected by any superior lien on the sugar and molasses that was bonded and disposed of."

Counsel for defendants rely upon the case of Webster Lodge v. Hunter, 133 La. 863, 63 South. 383. We do not find any conflict between that case and those cited supra. The syllabus of Webster Lodge v. Hunter is not supported by the decision. In the cited case there was not only a tender by the bondsmen of the property bonded, but there was an actual receipt of it by the sheriff and an agreement of all the parties as to how the proceeds should be applied.

Judgment affirmed.

Rehearing denied by the WHOLE COURT.