No. 1877

Second Circuit Appeal

---

OVERLAND-TEXARKANA COMPANY v. J. L. BICKLEY ET AL.

---

(Feb. 20, 1925, Opinion and Decree)
(June 6, 1925, Rehearing refused.)
(July 13, 1925, Writ of Certiorari to Supreme Court Refused)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Sequestration — Par. 25 .**

Where an automobile sequestered is released on a forthcoming bond and is used for two years by the party obtaining the release, the result of the use being to materially depreciate the value of the automobile, the bondsmen are liable on the forthcoming bond for the amount of this depreciation.

Appeal from Twelfth Judicial District Court of Louisiana, Parish of Sabine, Hon. J. H. Boone, Judge.

This is a suit to recover from the bondsmen on a forthcoming bond the depreciation to an automobile, due to two years' use contrary to the owner's wishes.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

S. D. Ponder, of Many, attorney for plaintiff, appellant.

R. A. Fraser, of Many, attorney for defendants, appellees.

CARVER, J. This is a suit on forthcoming bond given to secure the release of an automobile sequestered in a previous suit between this plaintiff and Bickley, the principal on the bond, wherein the ownership of the automobile was in contest.

The automobile was finally adjudged to belong to plaintiff but over two years had elapsed from the time of the seizure. Pending the litigation, Bickley had used the automobile which, at its termination, had much depreciated in value. After trying to obtain a settlement with Bickley, plaintiff's attorney obtained a writ of sequestration under which the sheriff placed him in possession of the car. In his petition for this writ, plaintiff declared that he reserved his rights on the bond.

Plaintiff's attorney had the car appraised by an automobile dealer who appraised it at $200.00. As a further test of value, he then had it sold at public auction, after advertisement, when it brought $100.00. He gave written notice of this appraisement and of the proposed auction sale to the principal and securities on the bond, inviting them to bid, and stating that the price would be credited on the bond.

In this suit plaintiff asks for judgment for $995.00 the amount of the bond less $100.00, the price obtained at the auction sale.

Defendants plead—

1. No cause of action.

2. Estoppel.

3. Denial that the bond was broken.

1.

The exception of no cause or right of action is based on the claim that a cause of action arises only when after final judgment execution issues and is returned unsatisfied, and that in this case the judgment only decreed ownership and possession, the writ was for possession and the return shows full and complete satisfaction.

No authority is cited in support of this proposition and it does not seem to us that the return of a damaged and almost valueless car is satisfaction of a judgment for a good one. The fact that the defendants were not notified of the application for the writ of possession containing a reservation of plaintiff's right on the bond, is immaterial in our opinion. They do not claim to have been prejudiced thereby. Moreover they were notified of the proposed sale, thereby being afforded an opportunity to protect themselves. Furthermore, they had the right to show, if they could that the car was worth more than it brought at that sale.

### 2.

The plea of estoppel is not urged in defendants' brief and we might therefore be warranted in considering it abandoned. It is based on plaintiff's action in obtaining the writ of possession. We do not think the plea well founded. Plaintiff had the right and it was perhaps its duty to save what there was left of the car and its doing so injured to the benefit of the sureties instead of injury to them.

### 3.

### ON THE MERITS.

Defendants urge that the bond was not broken, arguing that its conditions were:

1. That the car would not be sent out of the jurisdiction of the court.

2. That it would not be improperly used.

3. That it would be faithfully restored after definitive judgment.

All of which conditions, they say, were complied with.

The first one was but, in our opinion, the last two were not. We think that any use which one man makes of another's property over his protest is an improper use. In allowing the defendant to bond property seized in his possession, the law merely acts on the necessity of the case. It is not practicable to dertermine on the instant the question of right, so the *status quo* is preserved by leaving the disputed object with the possessor until in the regular course that question can be determined.

But no right is thereby conferred on the possessor to make any use of the property to which he was not otherwise entitled. If he has not this right already the law does not give it to him, nor could it constitutionally give any one the right to use another's property. The constitution forbids the taking or damaging of property except for public purpose upon compensation previously paid.

We think, also, that the obligation faithfully to restore a good car is not fulfilled by restoring one the value of which has almost been destroyed by use.

We do not think, though, that the original value of the car is absolutely fixed by the amount of the bond nor do we think defendants estopped from showing the true value. The car in question while worth, new and in good condition, $995.00, had been damaged to some extent when traded for by Bickley, who was in good faith, and, moreover, was somewhat lessened in value by the mere fact that it had been used and was therefore a second hand car. We think the value paid by Bickley, $800, proper to fix as the original value. As to the value at the time of the restoration, it seems to us that the method of arriving at it pursued by plaintiff was a reasonable one. By giving notice of the sale to defendants they were afforded n opportunity to protect themselves against a sacrifice. If they did not see fit to avail themselves of this opportunity, it

must have been because they thought the car of too little value to be a matter of any concern. The only other way of determining value would be by the opinion of witnesses which, in our judgment, would not be as good a test as the one adopted.

The argument that the car would have suffered depreciation if not used but stored affords no reason to release defendants from liability. Their liability results from the fact of bonding and thereby depriving plaintiff of the benefit of its property. If they had not bonded it plaintiff could have done so and in that event it and not Bickley would have enjoyed it while it was serviceable.

We do not think that the reduction in price of cars of the kind in question pending the litigation can inure to the benefit of defendants. The right of plaintiff and the corresponding duty of defendants must be determined on the basis of things as they existed on the day the car was seized. It is true it was not and because of the law's delays, could not be determined until long afterwards what this right and duty were but when determined the judgment related back to the beginning of the litigation and amounted in effect to a decision that plaintiff had been throughout the owner and entitled to possession of the car. If the possession to which he had a right had not been withheld from it plaintiff could have realized the then value in such way as it pleased.

The judgment of the lower court is reversed, and it is now decreed that the Overland-Texarkana Company recover from J. L. Bickley, W. H. Pearson, G. C. Chesser, W. F. Allen and R. L. Parrott in solido the sum of seven hundred dollars with five per cent per annum interest thereon from this date until paid and the costs of both courts.