**Second Circuit**

**No. 3144**

---

**HOWELL v. TITUS, ET AL.**

---

(November 10, 1927. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Judgment—Par. 178.**

Where two cases on the same subject matter, tried in the justice of the peace court, were consolidated in the district court, a judgment rendered in one case and appeal dismissed in the other determines the rights of the parties regardless of what had been decided by the justice of the peace, the judgment of the district court governing.

2. **Louisiana Digest — Sequestration — Par. 25, 28.**

In view of Article 280 of the Code of Practice, where property sequestered is bonded and afterward sold, it is not necessary to determine the value of the property at any certain time to determine amount due, but it is the duty of the one who bonded and disposed of the property to account to the owner for proceeds and interest.

3. **Louisiana Digest — Sequestration — Par. 25, 28.**

The surety on a release bond in a sequestration proceeding is liable in solido for the proceeds of the property sold and interest from the date of conversion where such amount is not in excess of the bond.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. Robert Roberts, Judge.

Action by Mary F. Howell against Andrew Titus, et al.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Foster, Hall & Smith, of Shreveport, attorneys for plaintiff, appellee.

Herndon & Herndon, of Shreveport, attorneys for defendants, appellants.

WEBB, J. This suit is the sequel to the cause of Mrs. Mary F. Howell versus Andrew Titus, No. 3145, this day decided, in that in this suit plaintiff seeks to recover against Andrew Titus and the surety, E. B. Herndon, Sr., on the bond referred to in the prior cause which was given by Andrew Titus for the release of the property which was sequestered in the former suit.

Plaintiff alleged that Andrew Titus took possession of the one-half interest in the cotton which belonged to plaintiff immediately on the release bond being given, and that he sold it for seventeen cents per pound, and she prays for judgment in solido against Andrew Titus and E. B. Herndon, Sr., principal and surety on the

bond, in the sum of two hundred and ten and 14-100 dollars, the amount which it is alleged defendant obtained for the property.

The answer of defendant was, in effect, a general denial, followed by a plea of res adjudicata.

The plea of res adjudicata was referred to the merits, and on trial of the cause judgment was rendered in favor of plaintiff and against defendants in solido in the sum of one hundred and eighty-two dollars with legal interest from November 10, 1926, from which judgment defendants appeal.

## OPINION

The defendants urge that the judgment should be reversed on the following grounds:

First: That the plea of res adjudicata should have been sustained.

Second: That there was not any evidence offered under which the court could have fixed the value of the property and the liability of defendants under the bond.

(1) The plea of res adjudicata is said to be based upon proceedings had in the district court relative to the judgment rendered in the justice of the peace court which is referred to in the cause of Mrs. Mary F. Howell versus Andrew Titus, being No. 3145 on the docket of this court and No. 41458 on the docket of the district court.

As appears from the opinion in No. 3145, Mrs. Mary F. Howell versus Andrew Titus, Mrs. Mary F. Howell instituted a suit against Andrew Titus in the justice of the peace court and after the trial in the justice of the peace court she took an appeal, suspensive and devolutive, from the judgment, which appeal was filed in the district court under the number 41,494, and on the succeeding day she filed suit against Andrew Titus in the district court, and when the two cases came on for trial they were consolidated under a motion made by counsel in No. 41,458 representing Mrs. Mary F. Howell in suit No. 41,458, which motion reads as follows:

"Now into court comes the plaintiff herein and shows to this honorable court that there is now pending before the First District Court in and for the Parish of Caddo a suit entitled Mrs. Frankie Howell versus Andrew Titus, No. 41,494; that on account of the nature of said suit which presents the same issue as the present suit, being on the same contract of rent, and which will involve the taking of the same evidence, it should be consolidated with this case.

"Wherefore petitioner prays that suit No. 41,494 * * * be consolidated with this case and that both of said cases be tried together and decided by one single judgment."

After trial and on December 22nd, two judgments were rendered. In the judgment in suit No. 41,458 plaintiff was decreed to be the owner of an undivided one-half interest in the cotton raised by defendant and the writ of sequestration was maintained; and in suit No. 41,494 judgment was rendered dismissing the appeal at appellant's cost; and the position which appears to be taken by the defendants is that the dismissal of the appeal had the effect of reinstating the judgment of the justice of the peace court which decreed that plaintiff, Mrs. Howell, was entitled to only one-fourth of the crop raised by defendant.

The defendants appear to contend that they cannot be held liable for any greater amount than one-fourth of the value of the cotton, or at least such proportion must be considered as to that portion of the cotton

which was seized under the proceedings had before the justice of the peace.

We have in the opinion rendered in No. 3145 stated, in considering an exception of lis pendens, filed in that action, that the issue presented in the suit filed in the justice of the peace court and in the suit filed in the district court related solely to the question of the proportion of the crop which was to be received by the plaintiff, and such being the case and the causes having been consolidated and tried together, we are of the opinion there could have been but one judgment, and that although there was apparently a judgment in each of the causes the two judgments must be read as one, and the judgment of the court that the plaintiff was the owner of one-half of the cotton being decisive of the issue presented is the decree to which the court properly looked in determining the rights of the parties and the liability of the defendants.

(2) The only evidence offered as to the value of the cotton which was released on bond relates to the value at the time it was released, from which it appears that immediately after the cotton was released the defendant, Andrew Titus, sold it at seventeen cents per pound or a total of three hundred and sixty-four dollars, and one-half of the cotton being the property of the plaintiff, the trial court awarded her judgment for one-half of the amount for which the cotton sold, or one hundred and eighty-two dollars, with legal interest from the date of sale, which the evidence shows was November 10, 1926.

The defendants, and especially E. B. Herndon, Sr., the surety on the bond, contend that the only amount for which he could be held liable was the value of the cotton on the date the judgment was rendered, that is, on December 22, 1926, with-

out any interest, and that as the evidence does not fix the value of the property on December 22, 1926, the demands of the plaintiff should have been rejected as of non-suit.

In support of their contention they cite Article 280 of the Code of Practice, which reads:

"The security thus given by the defendant where the property sequestered consists in movables, shall be responsible that he shall not send away the same out of the jurisdiction of the court; that he shall not make an improper use of them; and that he will faithfully present them, after definitive judgment, in case he should be decreed to restore same to the plaintiff."

And the decision in Segassie vs. Piernas, 26 La. Ann. 742; Baldwin vs. Black, 119 U. S. 643, 30 Law Ed. 530; and John M. Parker vs. E. Martin & Co., 148 La. 791, 88 So. 68.

In the first two cases cited, Segassie vs. Piernas and Baldwin vs. Black, the question at issue related to the right to claim as against the principal and surety on the bond for the use of rent of movables during the period such property was held by the principal under the release bond, and in John M. Parker vs. E. Martin & Co. the same question was presented, relating, however, to the right of plaintiff to demand interest from the person who had secured the release of the property on bond.

In all of the cases cited the writ of sequestration appears to have been issued in order to conserve a privilege asserted against the property sequestered and not to protect a right of property as in the present instance, and while it appears from some expressions in the last cited case that the liability of the surety under the bond does not extend further than to restore the property after definitive judg-

ment is rendered ordering the restoration, or to pay the market value of the property at that time, yet in that case the party bonding the property was in fact the owner of the property subject to a privilege in favor of the plaintiff which was granted by law to secure the indebtedness due plaintiff by a third person, which presents an entirely different situation from that presented in the present instance where the person bonding the property was the owner.

While the law gives to the defendant the right to bond property which has been sequestered in his hands, it does not give him the right to dispose of such property when it belongs to another.

"Where property sequestered is bonded, the delivery of it to the party bonding does not make him the owner and enable him to dispose of it at his pleasure."

Pagett vs. Curtis, 15 La. Ann. 451.

And when the defendant disposed of property belonging to another he did so at his peril and he cannot claim he was justified in placing himself in a position where he could not comply with the condition of the bond under which he was bound to restore the property after a judgment had been rendered against him decreeing the plaintiff to be the owner of the property.

In some cases it may be material to determine the exact time when the value of the property released should be fixed in order to determine the extent of liability under the bond, that is, whether the amount should be based upon the value of the property at the time of the seizure, the release on the bond, or the date of the definitive judgment, or the time intervening between such dates, but where it appears that the property belonged to the plaintiff and a claim is made only for the proceeds of the property, we do not think it necessary to determine the value of the property at any certain time but that it is sufficient to say that one who disposes of property of another is at least bound to account to the owner for the proceeds, and to pay interest thereon from the time the proceeds came into his hands.

The surety, when he signed the bond, was aware of the fact that the property which was to be released was claimed by another than his principal, and while the surety as well as the principal had the right under the bond to restore the property when the judgment was rendered, each was unable to do so by reason of the principal's having converted the property to his own use in violation of the condition of the bond, and we think that the surety as well as the principal is liable at least for the proceeds of the property and for interest from the date of conversion, where such amount is not in excess of the amount of the bond. (Albert Pick & Co. vs. Dickinsons, Inc., 154 La. 1068, 98 So. 669; Perret vs. Coleman, 115 La. 814, 40 So. 176.)

We find that the amount of the judgment was properly fixed at one-half of the proceeds received from the sale of the property released under the bond, with interest from the date the proceeds came into the hands of the defendant.

The judgment appealed from is therefore affirmed.