No. 3522

Second Circuit

MITCHELL v. MAXEY ET AL.

(July 1, 1929. Opinion and Decree.)

H. E. Dawkins, of Farmerville, attorney for plaintiff, appellee.

S. L. Digby, of Farmerville, attorney for defendants, appellants.

318

ODOM, J. This is an action on a release bond given under the provisions of articles 279 and 280 of the Code of Practice.

Originally, there was a controversy between plaintiff and defendant over the ownership of a motor truck. Plaintiff brought suit asking that he be decreed the owner of it and had it sequestered in the hands of defendant, executing bond under article 276 of the Code of Practice. Whereupon defendant had the seizure released on a forthcoming bond, under article 279 of the Code of Practice, the condition of the bond being as follows:

"Therefore, the condition of the above obligation is such that if the above bound principal shall not send said released property out of the jurisdiction of said Court, and shall not make any improper use of said property, and shall faithfully restore the same to said Sheriff after definitive judgment if so ordered, then and in that event the above obligation is to be null and void; otherwise to remain in full force and virtue, according to law."

That is in exact accordance with article 280 of the Code of Practice, which reads as follows:

"The security thus given by the defendant, when the property sequestered consists in movables, shall be responsible that he shall not send away the same out of the jurisdiction of the court; that he shall not make an improper use of them; and that he will faithfully present them, after definitive judgment, in case he should be decreed to restore the same to the plaintiff."

On trial of the original suit there was judgment for plaintiff, sustaining the writ of sequestration, recognizing the plaintiff as owner of the truck sequestered, and ordering the said property restored to him by defendant.

Immediately after that judgment became final, defendant produced the property in controversy and delivered it to plaintiff. However, between the date on which the truck was released to defendant on the forthcoming bond and the date on which he returned and delivered it to plaintiff after the judgment became final, the property had become less valuable, due, first, to natural decay, and, second, on account of shrinkage in value or cut in price of all motor vehicles, both old and new.

The present suit is against both the defendant and the surety on the forthcoming bond for the loss which plaintiff alleges he sustained on account of the deterioration and shrinkage in value of the property while in defendant's possession.

The testimony shows that when defendant executed the forthcoming bond, and had the truck released to him, he at once put it in a dry place where it was protected from sun and rain, and, in order to protect the casing and tubes, jacked the car up and put skids under the axles. The testimony further shows that from the day it was released to him it was never used by him or by any one else, but on the contrary, remained where he placed it until after final judgment, when he took it out, carried it back, and delivered it to plaintiff.

As stated, this suit is on the forthcoming bond. We do not think plaintiff can recover. The only obligations which defendant and his surety assumed under the release or forthcoming bond were that the property would not be sent away out of the jurisdiction of the court, that no improper use would be made of it, and that it would be presented, after definitive judgment, in case defendant should be decreed to restore it to plaintiff. Code of Practice, art. 280.

Admittedly, the property was not sent

out of the jurisdiction of the court; it was not used at all, and it was restored to plaintiff by the defendant after definitive judgment in precisely the same condition as when received, natural deterioration excepted.

We do not think the defendant and his surety can be required to do more. They have fulfilled the obligation imposed by the law and assumed under the bond. We think they should have been released from the bond the moment they reproduced the property.

Counsel for plaintiff contends that defendant and his surety are liable for such loss as plaintiff has sustained on account of natural deterioration and shrinkage in value. We do not think so. Where the law creates no obligation, courts can impose none. It has been repeatedly and consistently held that, even where there is inserted in a release bond a stipulation that the principal and surety shall pay all such damages as may be sustained, such stipulation is invalid and not binding. There was no such stipulation in this bond, and, even if there had been, it could not have been enforced. We quote the following from the case of Allen vs. Allen et al., 165 La. 437, 442, 115 So. 648, 649:

"* * * The purpose of a writ of sequestration, in a suit for possession of property of which the ownership is in dispute, is that the court, through its executive officer, shall have and retain control over the property until the suit is finally decided, in order that the property may be delivered to him who is adjudged entitled to it. Code of Practice, Art. 269. The only conditions of the forthcoming bond, on which a party to the suit may release and take possession of movable property that has been sequestered, are that he shall not send the property out of the jurisdiction of the court, or make an improper use of it, and that he will faithfully return it *after definitive judgment*,

if ordered to return it to the other party to the suit. Code of Practice, Art. 280. Any other condition inserted in such a bond is invalid. Welsh v. Barrow, 9 Rob. 535; Mulligan v. Vallee, 31 La. Ann. 375. 'In such cases a sheriff has no power to take any other bond than that which he is authorized by law to take.' King & Gerson v. Baker, 7 La. Ann. 570." Albert Pick v. Dickinson, Inc., 154 La. 1068, 98 So. 669.

Counsel cite and rely on our decision in the case of Overland-Texarkana Co. vs. Bickley, 1 La. App. 699. The decree in that case is correct because the testimony showed that, after having the automobile released on a forthcoming bond, the defendant used it for two years and wore it out. That was an improper use of the property. But, insofar as that opinion can be construed as holding that a defendant who gets possession of sequestered property on a release bond is responsible to plaintiff for the decreased value of the property on account of natural decay or shrinkage in value, due to market conditions, it is wrong.

When a defendant in sequestration proceedings gets possession of the sequestered property by giving a forthcoming or release bond, his obligation is to restore the property at the end of the lawsuit. If he does that, his duty has been fulfilled. Of course, if he makes improper use of the property and its value is thereby diminished, he violates his obligation and the condition of the bond, and is liable on that account.

In the Overland-Texarkana Case, supra, it was said:

"The rights of plaintiff and the corresponding duty of defendants must be determined on the basis of things as they existed on the day the car was seized."

But, this is a suit on a forthcoming bond and not a damage suit. If defendant had

failed to produce the property at the end of the suit, he could have, under the release bond, been called upon to respond for the value of the property, at least to the extent of the amount of the bond. But even then we do not think the value of the property when seized should control, if no improper use had been made by defendant.

In the case of John M. Parker Co. vs. E. Martin & Co. et al., 148 La. 791, 88 So. 68, the court held on rehearing, to quote the syllabus:

"Where defendant, in sequestration proceeding after release of property by execution of bond, sold the property, its obligation to plaintiff was merely to produce the market value of the sequestered goods at the date it was called upon to produce it after final judgment, and it is not liable for interest on the price received."

For the reasons assigned, the judgment appealed from is reversed, and plaintiff's suit is dismissed at his costs, in both courts.

————

WEBB, J. (dissenting). In Overland-Texarkana Co. vs. Bickley et al., 1 La. App. 699, an automobile had been released from seizure under a bond given under the provisions of article 280 of the Code of Practice, and, with reference to the liability of the principal and surety on the bond for depreciation in the value of the car, it was said:

"In allowing the defendant to bond property seized in his possession, the law merely acts on the necessity of the case. It is not practicable to determine on the instant the question of right, so the status quo is preserved by leaving the disputed object with the possessor until in the regular course that question can be determined. But no right is thereby conferred on the possessor to make any use of the property to which he was not otherwise entitled. If he has not this right already the law does not give it to him, nor could it constitutionally give anyone the right to use another's property. The constitution forbids the taking or damaging of property except for public purpose upon compensation previously paid. We think, also, that the obligation faithfully to restore a good car is not fulfilled by restoring one the value of which has almost been destroyed by use. * * * The argument that the car would have suffered depreciation if not used but stored affords no reason to release defendants from liability. Their liability results from the fact of bonding and thereby depriving plaintiff of the benefit of its property. If they had not bonded it plaintiff could have done so and in that event it and not Bickley would have enjoyed it while it was serviceable. We do not think that the reduction in price of cars of the kind in question pending the litigation can inure to the benefit of defendants. The right of plaintiff and the corresponding duty of defendants must be determined on the basis of things as they existed on the day the car was seized. It is true it was not and because of the law's delays, could not be determined until long afterwards what this right and duty were but when determined the judgment related back to the beginning of the litigation and amounted in effect to a decision that plaintiff had been throughout the owner and entitled to possession of the car. If the possession to which it had a right had not been withheld from it plaintiff could have realized the then value in such way as it pleased."

And the writer is of the opinion that the general principle recognized in that decision was that, under article 280 of the Code of Practice, the principal and surety on the release bond are obligated to restore the property in the same condition as it was at the time the bond was given, and were liable under the bond for depreciation of the value of the property, and, considering that the suit in which the bond was given involved the question of ownership, the conclusion is, I think, supported

by the great weight of authority in other jurisdictions.

"It is the general rule that where property has been taken in replevin, to comply with the alternative judgment for its return, it must be returned in substantially the same condition as when taken, and without deterioration in value. The party for whose benefit the delivery or redelivery bond is given, under which his property is withheld from him, upon judgment being rendered in his favor for the recovery of the property, or in the alternative for its total value determined by such judgment * * * may elect to accept tender of the property, though depreciated in value, and sue upon the bond for his damages, measured by its depreciated value, etc." 23 R. C. L. "Replevin," par. 68; also par. 76; also Washington Ice Co. vs. Webster, 125 U. S. 426, 8 S. Ct. 947, 31 L. Ed. 799; Fair vs. Bank, 69 Kan. 353, 76 P. 847, 105 Am. St. Rep. 168, 2 Ann. Cas. 960.

Considering that in the present case the release bond was given in an action in which the issue was the ownership of the property sequestered, as in Overland-Texarkana Company vs. Bickley, I think the principle announced in that case supports the judgment appealed from, unless it may be said that depreciation in the value of property, resulting from deterioration due to the inherent nature of the property and decrease or fall in the market price of the property, is not a loss or damage for which recovery may be had in an action on the release bond.

The law, article 279 of the Code of Practice, under which the bond was permitted to be given, provides that "defendant against whom a mandate of sequestration has been obtained, except in cases of failure, may have the same set aside by executing his obligation in favor of the sheriff, with one good and solvent surety, for whatever amount the judge may determine, as being equal to the value of the property to be left in his possession," and while the surety in signing the bond must have contemplated that his liability was restricted to the amount of the bond, or the value of the property as fixed by the judge, he must have also contemplated that the amount of the bond covered any damage to the property, or depreciation in its value, while in the possession of defendant, and could not complain of being held for such damage or depreciation in the value of the property not exceeding the amount of the bond, and I do not see any reason why the surety and principal on the bond should not be liable unless defendant was vested with the right of possession under the bond, which, for the reasons stated in the Overland-Texarkana Co. vs. Bickley, supra, I do not think was the case. I, therefore, respectfully dissent.