No. 7036.

D. R. CARROLL & CO. vs. MRS. LIZZIE HAMILTON ET AL. POST & CO., INTERVENORS.

A final judgment against an intervenor in a sequestration suit, who claims the ownership of the property sequestered, has the force of *res adjudicata* as to those questions only that were passed on by the judgment; and hence those questions can not be subsequently raised by the intervenor when pursued as a surety on the bond given to release the property from the sequestration. A judgment has not the force of *res adjudicata* as to those who were not parties to it.

The refusal of the lower court to continue a case, on the ground that a material witness was absent, who had been properly summoned, and for whom an attachment was then out, will not lead this court to set aside the judgment, when it appears that the attachment for the absent witness issued six months before the trial of the case.

The sureties on a bond given to release property sequestered, have a right, when sued on the bond, to prove that the sequestration was invalid, and illegal; and a refusal to allow them to introduce proof of this illegality, will be such an error as to justify the setting aside of the judgment below.

Sureties on the release bond have the right to prove that the property sequestered does not belong to the defendant in the sequestration suit.

Sureties on the release bond have the right to show that the plaintiff in the sequestration suit had no lien on the property sequestered, in a case where they have alleged fraud and collusion to their prejudice between the plaintiff and defendant in the sequestration suit.

Consent judgments are not binding on third persons, and therefore any third person sought to be affected by such a judgment, has a right to show its character.

A surety on a release bond who alleges a privilege on the property sequestered superior to the lien of the plaintiff in the sequestration, has a right to prove the alleged privilege.

The sureties on a release bond can not be held for more than the value of the property released from sequestration.

Where a part of the sequestered property has been released by a decree of court, the value of the balance of the property must be proved by the plaintiff in sequestration, before the liability of the sureties on the release bond can be fixed.

APPEAL from the Thirteenth Judicial District Court, parish of Madison. *Hough*, J.

*Seale & Morrison* for intervenors and appellees.

*James T. Coleman* for plaintiffs and appellees.

*E. D. & W. Farrar* and *E. H. Farrar* for defendants and appellants.

The opinion of the court was delivered by

EGAN, J. This suit is against the sureties on a bond given to release property sequestered. The judgment on the intervention is not appealed from. There was judgment in favor of the plaintiffs against the defendant sureties, who introduced no evidence below. The case is before us on an assignment of errors.

The answers set up fraud and collusion between plaintiffs and Bridwell, defendant in the sequestration suit, and principal in the release bond, between whom it was agreed, to the prejudice of the sureties, that

judgment be rendered for plaintiffs in that suit; that there was no valid sequestration; that the property sequestered did not belong to Bridwell, but to another, and was at the time of sequestration subject to the lessor's privilege and right of pledge to its full value in favor of one of the defendants, Mrs. Lizzie Hamilton, now wife of Thrasher; that the plaintiffs had no privilege to support the sequestration; and that the true value of the property was much less than the amount of the bond, which also included other property, as to which the sequestration was not sustained. The case is before us on assignment of errors and bills of exception, before proceeding to the consideration of which it is proper to notice a plea of "*res adjudicata*," filed by the plaintiffs against the several defenses set up. This applies only to Mrs. Hamilton, now Thrasher, and rests upon an intervention filed by her in the original sequestration suit, in which she set up the same grounds now asserted in the answers of herself and her co-defendants. There was judgment both in the court below and on appeal in favor of the plaintiffs and dismissing the intervention. It is now urged that this dismissal was on an exception and without a trial on the merits. This is no doubt true so far as the intervenor sought in that form of proceeding to question the regularity of the proceedings and sequestration as between the plaintiffs and the then defendant, Bridwell, but we do not so understand it as to all the issues raised in the intervention. It appears from the mandate in that case, filed in this, that among the grounds stated for affirming the judgment was " that no fraud or collusion were shown between plaintiffs and defendant." As to that issue, then, the plea of "*res adjudicata*" must be sustained as to Mrs. Hamilton, now wife of Thrasher. As to all the other grounds raised in the answers in this case, it must be overruled, and so, also, on all the grounds as to all the other defendants who were no parties to the litigation in which the judgment invoked was rendered. The first error assigned is to the refusal to continue the case on an affidavit of the absence of a witness for whom an attachment was then out under the order of the court and whose evidence bore upon a material issue, the value of the property sequestered. Sufficient reason existed for not granting the continuance, though from the affidavit alone it would seem the party was entitled to it. The attachment had issued six months before, and no summons appears in the case. We can not sustain it as ground of error in this court.

The second ground assigned is that the defendants were not allowed to prove that there was no legal or valid sequestration to support the bond sued on, and that the writ issued without affidavit as required by law. It does not appear that this question was ever passed upon or raised between the plaintiffs and the principal on the bond. It was not an exception merely personal to the debtor, and especially in a case like

the present, where fraud, collusion, and consent to the judgment between the plaintiffs and the principal in the bond are set up, we see no good reason why the sureties should not be allowed as part of their case to prove a fact which may have had much to do with inducing them to sign the bond of release. The execution of the bond of release did not estop the principal from moving for or obtaining the dissolution of the sequestration. 1 An. 372; 2 An. 154; 13 An. 549. Why, then, deny the right to the sureties to show the facts which would have justified such a motion, when they expressly set up that they were induced to sign the bond by representations that the proceedings were irregular and would be set aside, and when it was not done through the fraud and collusion of their principal?

The third ground assigned is that the defendants were not allowed to prove that the property sequestered did not belong to Bridwell. In the case of Quinn vs. Mays, 2 R. 510, the surety on an attachment bond was allowed to prove that the property attached did not belong to the defendant in attachment.

The fourth assignment is that defendants were not allowed to prove that plaintiffs had no privilege or lien on the property sequestered. In an ordinary case this might not be permissible after a judgment against the principal recognizing the privilege; but for the same reasons stated under another head we think these defendants should have been allowed to prove the non-existence of the privilege when, as in this case, they set up that a fraudulent judgment, one rendered by consent, is sought to be used to bind them.

The fifth assignment is to the refusal to permit the defendants to prove that the judgment was merely by consent, and therefore not binding on them. This was error. It is well settled that consent judgments are only binding as such between the parties, and have not the effect of judgments regularly rendered contradictorily, as regards third persons. See 3 An. 34; 12 An. 426; 6 An. 2; 4 An. 276; 2 An. 907; Allison vs. Thomas and Rosenfeld, 29 An. 732.

The sixth assignment is that the defendants were refused the right to offer evidence to prove that one of them, Mrs. Hamilton, now Thrasher, had a lessor's privilege and right of pledge upon the property sequestered superior to any right of the plaintiffs and more than sufficient to absorb the proceeds. We do not know that this concerns any of the defendants except Mrs. Thrasher, unless it were further shown that they were unable to return the property by reason of the assertion of such privilege or right; but as to her it was properly provable as part of her case, and more especially in connection with the other defenses urged.

The seventh and last assignment is that the liability of the sureties

Carroll & Co. vs. Hamilton.

is to be measured by the value of the property sequestered and which they bound themselves to return, and not by the amount of the judgment rendered in the case in which the bond is given, and that no evidence was offered by the plaintiffs to prove the value of the property in the present case, a part of which was released by the judgment. The position assumed is perfectly correct, that it is the value of the property, and not the amount of the judgment alone, which regulates the obligations and responsibilities of the bondsmen, as was decided in Barber vs. Morrison, 4 An. 372, and as is expressly provided by article 279 of the Code of Practice. The judgment may be for more or less than the amount of the bond or the value of the property. If so no more can be recovered than the amount of the bond or value of the property in the former case and no more than the amount of the judgment though less than either in the latter case. As, however, the amount of the bond is required to be fixed by the judge with reference to the value of the property and at an amount equal to that value, it would seem that the value should, *prima facie* at least, be measured by the amount of the bond, in the absence of proof of less value. In the present case, however, where a part of the property sequestered was released by the judgment of the court, it was essential for the plaintiffs to prove its relative value to that of the other property or of the whole, in order to measure and fix the liability of the sureties on the bond. This was not done, and is error. It does not, however, go to the dismissal of the action, but only to the remanding of the cause.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is avoided and reversed, and the case remanded to be further proceeded in according to law and the principles of this opinion.

It is further ordered that the plaintiffs pay the costs of appeal, those of the court below to abide the judgment which may be rendered.