## No. 9920.

### FUSZ & BACKER VS. TRAGER & NOBLE.

A surety on a release bond in an attachment proceeding against a resident. is concluded by the judgment against the defendant, if regularly rendered.

Such surety, on a rule to hold him liable for such judgment after return of an unsatisfied execution, has no right to set up defenses which do not avail the judgment itself.

A ruling refusing a continuance to procure an absent witness to establish other defenses and striking out of the answer to the rule impertinent issues, is correct and will not be disturbed.

APPEAL from the Ninth District Court, Parish of Concordia. Young, J.

Elam & Luce and Steele & Garrett for Plaintiffs and Appellees.

J. L. Dagg and L. F. Mason for Defendants and Appellants.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The question presented in this case, involves the right of a surety on a release bond in attachment proceeding against residents to set up certain defenses.

It appears that after judgment recognizing the claim of plaintiffs and its being secured by a privilege on the property attached, the judgment becoming executory, execution was issued, but was returned nulla bona.

Thereupon a rule was taken on the surety on the release bond furnished by the defendants, who pleaded: that the affidavit was insufficient and false; that the bond was insufficient in amount; that the property seized was not the property of the defendants, but of one of them; that the bond was signed on the representation and assurance that a legal defense would be made, which was not set up and that the plaintiffs were parties to the fraud practiced.

When the case was called, the defendant in rule moved for a continuance to procure the testimony of an absent witness, and after the plaintiffs had closed and the defendant was about to offer evidence, the plaintiffs moved to strike out of the answer to the rule all averments raising issues as to the right of attachment and the validity of same, which could only be made before judgment and cannot be urged by the surety.

The district judge refused the continuance and sustained the motion to strike out, rendering judgment against the surety, who appeals.

Counsel have argued, that the only questions presented for solution in this Court, involve only the correctness of these rulings, and that the judgment on the merits was correct; provided, the rulings complained of were so.

The rule on the surety is taken under the terms of article C. P. 259, § 3, relative to the bonding of property attached.

Under the first paragraph of that article the obligation of the surety is, that he will satisfy such judgment, to the value of the property attached, as may be rendered against the defendant in the suit pending.

The preponderance of the jurisprudence on the rights and obligations of sureties on release bonds in attachment proceedings against residents is to the effect that such sureties, when ruled to be held liable, cannot be heard to set up any defense which the defendant himself could not raise—and that where the judgment rendered on the merits condemns him, the surety is concluded by it, even if it were true, that it is not justified by the evidence; provided, it was regularly rendered, has become final and executory and remains unsatisfied and the signature of the surety to the bond is genuine.

If the attachment in this case could have been dissolved, for the reasons now advanced by the surety, they ought to have been urged by the defendants before or on the trial on the merits.

By joining him in the release bond the surety unites his destinies with him and places himself entirely in his hands and, as it were, at his mercy, as far at least as the plaintiff is concerned.

The last expression of the judicial mind on this subject is to be found in the case of McCloskey et al. vs. Wingfield et al., 32 Ann. 38, (43) in which the court (Spencer, J.,) distinctly held: that the judgment against the defendant in attachment concludes the surety whose obligation is to satisfy the judgment against the principal, the validity of which the surety cannot dispute.

The ruling of the present Court in Baker vs. Frellsen, 32 Ann. 829, can afford the appellant no comfort. It verifies what we have premised

in this opinion, namely : that a surety is entitled to see the case tried according to law and that a judgment rendered at *chambers*, out of term and on the confession of the principal on the bond, defendant in the suit, though it would bind the principal, could not affect the surety.

We therefore conclude that, as the defenses set up by the defendant in rule, the surety, were unauthorized by law, the lower court properly refused the continuance and sustained the motion to strike out.

The plaintiffs answering, pray for damages.

We think the appeal is frivolous and that damages ought to be allowed.

It is, therefore, ordered and decreed that the judgment appealed from be affirmed, and it is further ordered and adjudged that the plaintiffs recover from the defendant in rule, Isaac Friedler, the sum of fifty dollars, as damages for a frivolous appeal and costs in both courts.