(91 South. 293)

No. 25030.

## J. L. PHILIPS & CO., Inc., v. BARBER et al.

## In re PICARD.

(Feb. 27, 1922. Rehearing Denied March 27, 1922.)

*(Syllabus by the Court.)*

Judgment &⟶526—Judge's statements on overruling motion for new trial form no part of the judgment.

Oral statements made by the trial judge in overruling a motion for a new trial form no part of the judgment in the case, even though entered on the minutes of the court at the moment of refusing the new trial.

Dawkins, J., dissenting.

Certiorari from Court of Appeal, Parish of Ascension.

Action by J. L. Philips & Co., Incorporated, against Charles Barber and another. Judgment for plaintiff. The defendant Henry Picard brings certiorari or writ of review to the Court of Appeal, Parish of Ascension, to review an adverse judgment. Judgment affirmed.

Walter Lemann, of Donaldsonville, for applicant.

Henry L. Garland, of Opelousas, for respondent.

By the WHOLE COURT.

ST. PAUL, J. The opinion and decree herein handed down by the Court of Appeal, are as follows:

"Leche and Mouton, Judges. Plaintiffs brought a suit against Charles Barber for $842, claiming a privilege on a lot of cross-ties. They obtained at the same time a writ of sequestration under which the cross-ties were seized. During the pendency of the suit, Barber was granted an order releasing the seizure on his furnishing bond in the sum of $1,000. Barber accordingly furnished a bond with Henry Picard as surety.

"In due course, plaintiffs obtained a judgment against Barber for the full amount of their claim, maintaining a writ of sequestration and recognizing their lien and privilege on the cross-ties seized under the writ.

"After judgment had become final, plaintiffs caused a writ of execution to issue thereon, but according to the return on said writ, both Barber and his surety, Henry Picard, failed to present or produce the cross-ties or to pay the amount of the writ.

"Plaintiffs then filed the present suit on the release or forthcoming bond, against Barber, principal, and Henry Picard, surety. Picard, alone, resists the demand of plaintiffs, and his whole defense is based on the theory that plaintiffs have no privilege on the cross-ties.

"Plaintiffs' judgment does in point of fact recognize their claim as secured for the full amount thereof by a lien and privilege on the cross-ties seized in the suit and released from seizure by a forthcoming bond, and therefore, to establish this defense, Picard is perforce bound to attack the validity of the judgment against Barber.

"The paramount question, then, involved in this case is whether a surety on a forthcoming bond may compel the seizing creditor to litigate anew, all or any of the issues already decided in the main suit against the principal on the bond. Our opinion is that the surety is bound by the judgment, and that he may not attack the same, except where he charges fraud or collusion between the seizing creditor and the principal on the bond.

"The only precedent we have been able to find, wherein a surety was permitted to attack such a judgment, is that of Carroll & Co. v. Hamilton, 30 La. Ann. 522. In that case the creditor obtained a consent judgment against the principal on the bond, and for that reason the surety was permitted to attack the judgment. The court says in that case, 'In an ordinary case this might not be permissible after a judgment against the principal recognizing the privilege; but for the same reasons stated under another head we think these defendants should have been allowed to prove the nonexistence of the privilege when, as in this case, they set up that a fraudulent judgment, one rendered by consent, is sought to be used to bind them.'

"In the case of Nalle v. Baird, 30 La. Ann. 1148, the judgment against the principal on the bond, was purely a personal judgment which did not recognize any lien or privilege or maintain any writ. That case is therefore not authority for defendant's contention.

"On the other hand, in McCloskey, Bigley & Co. v. Wingfield & Bridges, Chas. J. Bush, surety, 32 La. Ann. 43, the judgment against the principal was held conclusive against the surety.

"In Fusz & Backer v. Trager & Noble, 39 La. Ann. 292, 1 South. 535, the Supreme Court says that a surety on a release bond in an attachment proceeding against a resident is concluded by the judgment against the defendant if regularly rendered.

"The case of Perret v. Coleman, which went to the Supreme Court on a writ of review to this court, sitting for the Parish of St. Mary, and which is reported in 115 La. at page 814, 40 South. 176, is the last expression, so far as we know, by our highest court upon the subject. It was there held that the judgment against the principal on the bond, was in effect a decree that the property should be restored to the plaintiffs, and, the property not having been presented, the surety on the bond is liable according to the terms of his contract and the law.

"The judgment appealed from in this case holds the surety liable for $411.70, evidently for the reason that the trial court found plaintiffs' claim secured by privilege only up to that amount; but, as we believe for reasons stated that the surety is bound by the original judgment against the principal, the judgment of the district court will be amended accordingly.

"It is therefore ordered that the amount of the judgment herein appealed from be increased from $411.70 to $842 and as thus increased and amended that said judgment be affirmed at the cost of defendant and appellee."

II.

The aforesaid judgment rendered against Barber read as follows:

"It is ordered, adjudged and decreed that there be judgment in favor of J. L. Philips & Co., Incorporated, and against Charles Barber in the sum of $842, with legal interest from February 12, 1918, until paid, and all costs of these proceedings.

"It is further ordered that the writ of sequestration herein be maintained with lien and privilege of the plaintiffs recognized on all the cross-ties seized herein.

"Judgment rendered, read and signed in open court this 24th day of July 1919.

  "[Signed] Philip H. Gilbert, Judge."

And it is claimed that the foregoing judgment, which otherwise speaks for itself, did not recognize a lien and privilege for the full amount of $842, because of the following entry on the minutes of the district court of November 14, 1919, to wit:

"It is ordered that the motion for a new trial in the matter of Philips v. Barber be overruled. Court, however, insists that in said judgment it never intended that a lien and privilege would be allowed for money advanced for stumpage, as there is no law covering liens and privileges for stumpage."

But what the court intended is of no consequence, unless what it intended accorded with what it did. And from the foregoing it is apparent that what the court did, in its signed judgment, was to maintain the writ of sequestration without qualification or reservation whatsoever. That judgment is, of course, the only judgment in the case, which cannot be amended except in one of

the modes provided by law, of which a minute entry of an oral statement by the Judge is not one (C. P. arts. 546, 547, 548, 556).

The other points raised are fully and correctly disposed of in the opinion of the Court of Appeal.

### Decree.

It is therefore ordered that the judgment of the Court of Appeal be affirmed.

DAWKINS, J., dissents.