576 So.2d 1196 (1991)
Stacey Torres MARINO
v.
Edward MARINO.
No. 90-CA-682.
Court of Appeal of Louisiana, Fifth Circuit.
March 13, 1991.
*1197 Thomas J. Kliebert, Jr., Gramercy, for plaintiff-appellee, Stacey Torres Marino.
Fred R. Defrancesch, LaPlace, for defendant-appellant, Edward Marino.
Before GAUDIN, GRISBAUM and GOTHARD, JJ.
GOTHARD, Judge.
The issue in this appeal is whether the trial court correctly granted a legal separation on the basis of the husband's fault alone. We affirm.
In September, 1989 plaintiff, Stacey Torres Marino, filed a petition for legal separation from her husband, Edward Marino, alleging that he was guilty of cruel treatment. Specifically, she contended that he had a violent temper and had beaten her so severely that she required medical attention.
Edward Marino answered the petition with a general denial; his response was that the couple had voluntarily physically separated.
The merits of the separation claim were tried on March 29, 1990. Stacey Marino testified that on or about September 16, 1989 the couple had argued violently over the husband's drinking and his attentions to another woman. Edward Marino beat his wife and ordered her out of the family trailer. She left with the children but returned two weeks later when an agreement was reached whereby she and the children re-entered the family home and the husband moved to his mother's home.
Edward Marino denied beating his wife, but admitted to having threatened her with a knife. The knife threat was corroborated by at least one witness.
On cross-examination, Stacey Marino agreed that in 11 years of marriage she had initiated some of the couple's quarrels.
At the close of testimony this colloquy occurred:
BY THE COURT:
In reference to the separation, the court is going to grant a separation for both of you on the grounds of mutual fault. Mrs. Marino has stipulated that she starts some arguments, as well as, he does. I'll admit that we have a little gray area.
BY MR. KLIEBERT:
Your Honor, there was no prayer for mutual fault or reconventional demand.
BY MR. DE FRANCHESCH:
We just filed our answer, Your Honor. We deny her allegations, Your Honor. We did not file a reconventional demand.
BY THE COURT:
I'll grant the separation today based on mutual fault, if I can't do it. I have to base it only on the fault of Mr. Marino.
The minute entry orders a grant of separation based on mutual fault.
The formal judgment, signed on April 17, 1990, states that a separation a mensa et thoro is granted in favor of Stacey Torres Marino and against Edward Marino based on his cruel treatment and habitual intemperance.
Edward Marino appeals. He does not challenge the court's finding of his own fault. Rather, he argues that the trial judge was correct in his oral finding of mutual fault and committed error in signing a judgment of separation on the basis of the husband's sole fault. As appellant he seeks a re-instatement of the finding of mutual fault or our remand with instruction to enter a mutual fault judgment. On *1198 the record before us Edward Marino is not entitled to this relief.
When the oral reasons or minute entry conflicts with the written judgment, the latter governs. J.L. Philips & Co. v. Barber, 150 La. 907, 91 So. 293 (1922); Selfe v. Travis, 29 So.2d 786 (La.App. 2 Cir.1947). The trial judge may, within his authority, render judgment which differs substantially from his prior oral statements. Such oral reasoning forms no part of the judgment. Sanford v. Sanford, 468 So.2d 844 (La.App. 1 Cir.1985); Margan v. Precision Motors, Inc., 317 So.2d 664 (La. App. 4 Cir.1975). It is the formal, signed judgment which governs the controversy. This is the only ruling from which the appeal may be taken. The issue before us is whether the trial court was correct in not finding the wife at fault.
The husband did not reconvene to allege the wife's fault. On appeal he contends that the issue of her misconduct was tried and proved. Therefore, the judge committed error in not granting a separation based on mutual fault. We disagree.
Louisiana has abrogated the "theory of the case" doctrine. A party need no longer proceed on one theory of the case to the exclusion of others. As long as sufficient facts are pleaded to establish a cause of action, and proved, the court may grant the relief sought. LSA-C.C.P. art. 862 espouses a liberal pleading policy. It provides:
Except as provided in Article 1703, a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief.
In effect, it allows the court to conform the pleadings to the evidence presented but it empowers the court only to grant relief warranted by the arguments contained in the pleadings and the evidence. Tassin v. Setliff, 470 So.2d 939 (La.App. 3 Cir.1985). Here, Edward Marino was not and is not entitled to the relief he seeks; there is no evidence in the record of the wife's fault.
To obtain a separation based on mutual fault, each party must be guilty of conduct constituting an independent ground for separation. Harrison v. Harrison, 503 So.2d 116 (La.App. 5 Cir.1987); LSA-C.C. art. 138. Conduct sufficient to support a separation under LSA-C.C. art. 138(3) must include substantial acts of commission or omission violative of marital duties and responsibilities; mutual incompatibility, fussing and bickering is insufficient. Batiste v. Batiste, 548 So.2d 14 (La. App. 5 Cir.1989). There is no evidence of Stacey Marino's culpable conduct sufficient to support a separation judgment based on her fault. The trial judge was correct in granting separation based on Edward Marino's fault. Vincent v. Vincent, 544 So.2d 544 (La.App. 5 Cir.1989).
The judgment of the district court is affirmed. Costs are assessed against appellant, Edward Marino.
AFFIRMED.