FAMILY WORSHIP CENTER CHURCH, INC.
v.
HEALTH SCIENCE PARK, LLC, GARY N. SOLOMON, STEPHEN N. JONES, AND TERRY D. JONES
No. 2008CA2521.
Court of Appeals of Louisiana, First Circuit.
June 12, 2009.
NOT DESIGNATED FOR PUBILCATION
STEWART E. NILES, JR., BRYAN J. KNIGHT, Counsel for Plaintiff/Appellant Family Worship Center Church, Inc.
CLAUDE F. REYNAUD, JR., SCOTT HENSGENS, JEANNE C. COMEAUX, Counsel for Defendants/Appellees, Health Science Park, LLC, Gary N. Solomon, Stephen H. Jones, and Terry. D. Jones.
Before: KUHN, GUIDRY, and GAIDRY, JJ.
GUIDRY, J.
Family Worship Center Church, Inc. (FWCC) appeals from a judgment of the trial court ordering that the judgment rendered February 14, 2008, sustaining Health Science Park, L.L.C., Gary N. Solomon, Stephen H. Jones, and Terry D. Jones' (collectively "HSP") declinatory exception raising the objection of lis pendens and transferring the matter to suit number 537,353 in Section 23 of the Nineteenth Judicial District Court, be annulled and declared an absolute nullity, and that a substitute judgment be entered sustaining HSP's exception raising the objection of lis pendens and dismissing FWCC's petition. For the reasons that follow, we reverse and remand.

FACTS AND PROCEDURAL HISTORY
On November 5, 2004, FWCC and HSP entered into an option agreement for the purchase and lease of certain real estate owned by FWCC located near Bluebonnet Boulevard in Baton Rouge, Louisiana. In September of 2005, HSP filed an action against FWCC for FWCC's failure to comply with its obligations under the option agreement and FWCC filed a reconventional demand. The matter was assigned to Division D of the Nineteenth Judicial District Court before the Honorable Janice Clark. However, the parties subsequently entered into a settlement agreement as to certain claims and all remaining issues of both HSP and FWCC were dismissed without prejudice.
Thereafter, on October 21, 2005, FWCC filed a petition against HSP seeking a declaratory judgment that the November 5, 2004 option agreement was null and void and of no effect and that HSP had no rights or interest in any of the property, rights, or interests of FWCC. FWCC also sought a preliminary injunction and damages. This matter was assigned to Section 23 of the Nineteenth Judicial District Court before the Honorable William A. Morvant as suit number 537,353. HSP responded by filing an answer and reconventional demand and a motion for partial summary judgment as to FWCC's first prayer for relief. In response, FWCC filed a first supplemental and amending petition. Following a hearing on HSP's motion for partial summary judgment, the trial court signed a judgment on February 8, 2006, granting HSP's motion and dismissing all of FWCC's claims for annulment and rescission.
HSP subsequently filed an amended answer and reconventional demand and also filed a motion for summary judgment as to FWCC's remaining claims not dismissed by the February 8, 2006 judgment. On April 5, 2006, FWCC sought leave of court to file a second supplemental and amending petition. Following a hearing on HSP's motion for summary judgment, the trial court signed a judgment on May 15, 2006 dismissing all of FWCC's claims with prejudice and denying FWCC's request to file a second supplemental and amending petition.
FWCC sought review in this Court of both the February 8, 2006 and May 15, 2006 judgments. In Family Worship Center Church, Inc. v. Solomon, 06-1261 (La. App. 1st Cir. 6/8/07), writs denied, 07-2437 (La. 2/13/08), 976 So. 2d 181 and 07-2448 (La. 2/15/08), 976 So. 2d 183 (unpublished opinion), this Court vacated the February 8, 2006 judgment and affirmed in part and reversed in part the May 15, 2006 judgment. We also reversed the portion of the May 15, 2006 judgment denying FWCC leave of court to file a second supplemental and amending petition, but only as to claims which did not involve rescission and/or nullity of the option agreement. See Family Worship Center Church, Inc. v. Solomon, 06-1261 (La. App. 1st Cir. 11/15/07), 958 So. 2d 1217 (on rehearing) (unpublished opinion).
However, while FWCC's appeal was pending before this Court in the Section 23 suit, FWCC filed a new petition for damages against HSP in Division D of the Nineteenth Judicial District Court before the Honorable Janice Clark, asserting new claims for fraud, misrepresentation, and termination of the option agreement. HSP responded by filing a declinatory exception raising the objection of lis pendens and requested that the trial court grant the exception and dismiss FWCC's petition with prejudice.
Following a hearing, the trial court signed a judgment on October 22, 2007, transferring the case, including the exception of lis pendens, to Section 23, suit number 537,353. However, on February 14, 2008, the trial court in Division D signed a judgment sustaining HSP's exception of lis pendens and transferring the matter to Section 23.[1]
On May 8, 2008, HSP filed a motion to amend the February 14, 2008 judgment, asserting that upon sustaining HSP's exception of lis pendens, the trial court had no authority to transfer the case to Section 23, and the only remedy available under La. C.C.P. art. 925 was dismissal of FWCC's petition. A hearing on HSP's motion was held on September 18, 2008, and the trial court took the matter under advisement.[2] The next day, on Friday, September 19, 2008, HSP filed a petition to annul the February 14, 2008 judgment, asserting that the judgment was an absolute nullity under La. C.C.P. art. 2002(3) because the trial court lacked subject matter jurisdiction to transfer the case once it had granted the exception of lis pendens. HSP attached an order to the petition for the trial court's signature, ordering that the February 14, 2008 judgment be annulled and declared an absolute nullity.
On Monday, September 22, 2008, the trial court signed the order ex parte, ordering that the February 14, 2008 judgment sustaining HSP's exception of lis pendens and ordering that the matter be transferred to Section 23, suit number 537,353, be annulled and declared an absolute nullity and that a substitute judgment be entered sustaining the exception of lis pendens and dismissing the matter. FWCC now appeals from this judgment.

DISCUSSION
On appeal, FWCC first asserts that the trial court erred in granting the judgment to annul because the trial court was divested of jurisdiction by its October 22, 2008 order transferring the matter to Section 23. While the record is not clear on the issue, it appears that Judge Morvant in Section 23 declined to accept the transfer, placing the matter back before Judge Clark in Division D.
Louisiana Code of Civil Procedure article 253.2 states, in pertinent part:
After a case has been assigned to a particular section or division of the court, it may not be transferred from one section or division to another section or division within the same court, unless agreed to by all parties, or unless it is being transferred to effect a consolidation for purposes of trial pursuant to Article 1561.
Further, Louisiana Civil District Court Rule 9.2 states, in pertinent part:
Except as allowed by La. Code of Civ. Pro. Art. 253.3, all contested matters must be heard by the judge to whom the matter was allotted. If all parties and the court receiving the matter consent, a judge other than the one allotted the action may hear the matter. [Emphasis added.]
In the instant case, the record evidences that the parties did not contest the transfer of the matter to Section 23. However, Judge Morvant declined to accept the transfer as ordered by the October 22, 2007 judgment.[3] Accordingly, based on article 253.2 and rule 9.2, the matter had to be heard by Judge Clark in Division D, the division to which the case had originally been assigned. Therefore, Judge Clark retained jurisdiction over the matter, despite her attempted transfer to Section 23 and FWCC's assignment of error in this regard is without merit.[4]
However, we find from our independent review of the record that the trial court ultimately erred in annulling the February 14, 2008 judgment. In filing its petition to annul the February 14, 2008 judgment, HSP asserted that the judgment was an absolute nullity because the trial court lacked subject matter jurisdiction to transfer the matter after it had sustained HSP's exception of lis pendens, citing La. C.C.P. art. 2002(3). However, leaving aside whether or not an absolute nullity could be asserted on such a basis under the facts of this case,[5] HSP is precluded from seeking annulment of the judgment on any ground enumerated in article 2002, because it voluntarily acquiesced in the judgment. Louisiana Code of Civil Procedure article 2003 states that "[a] defendant who voluntarily acquiesced in the judgment ... may not annul the judgment on any of the grounds enumerated in Article 2002." In its motion to amend the February 14, 2008 judgment, HSP stated:
By Minute Entry dated December 10, 2007, this Court granted HSP's exception of Lis Pendens, but then "transferred the above-captioned matter to the Section "23" proceeding instead of dismissing the Petition as prayed for by HSP in its exception of Lis Pendens.

* * *
Pursuant to the Minute Entry, HSP and FWCC submitted a Judgment to that effect. The Judgment was signed by this Court on February 14, 2008. [Emphasis added.]
Accordingly, by submitting a judgment providing for transfer of the matter to Section 23, knowing that it had requested dismissal of the action upon the trial court sustaining the exception of lis pendens, HSP acquiesced in the trial court's judgment. If HSP did not agree with the transfer as asserted in its subsequent motion to amend and petition to annul, it should have submitted a proposed judgment and memorandum in support of the form of the judgment, as it did for the October 22, 2007 judgment, giving the trial court an opportunity to correct its error. Alternatively, HSP could have filed a motion for reconsideration or sought an appeal or supervisory writ with this Court. See La. C.C.P. arts. 1974, 2087, 2123, and 2201.
Accordingly, because we find that HSP acquiesced in the trial court's February 14, 2008 judgment sustaining the exception of lis pendens and transferring the matter to Section 23, suit number 537,353, the trial court legally erred in granting HSP's petition to annul the February 14, 2008 judgment.[6]

CONCLUSION
For the foregoing reasons, we reverse the judgment of the trial court, ordering that the February 14, 2008 judgment be annulled and declared an absolute nullity, and that a substitute judgment be entered sustaining HSP's exception of lis pendens and dismissing FWCC's petition. We remand this matter to the trial court for further proceedings consistent with this opinion. All costs of this appeal are to be borne by Health Science Park, L.L.C., Gary N. Solomon, Stephen H. Jones, and Terry D. Jones.[7]
REVERSED AND REMANDED.
KUHN, J., concurring.
I agree with the majority's disposition, reversing the trial court's judgment, that ordered the February 14, 2008 judgment be annulled and declared an absolute nullity; and substituted a judgment sustaining HSP's exception of lis pendens and dismissing FWCC's petition, as well as the remand. But I believe this court can and should exercise its supervisory jurisdiction to order these matters consolidated into the first filed suit, including all matters pending following rendition of this opinion.
NOTES
[1] Apparently, Judge Morvant in Section 23 declined to accept the transfer and the matter was sent back to Judge Clark in Division D; however, the record does not reflect this.
[2] The minute entry and transcript caption incorrectly refer to the hearing as having been on a motion to annul. However, the petition to annul was not filed until the next day, and clearly, the only matter before the court as reflected in the opening remarks of the hearing transcript was HSP's motion to amend the judgment.
[3] The record does not contain a minute entry or any other notation that Judge Morvant declined to accept the transfer to Section 23; however, the parties on appeal do not dispute that he in fact declined to accept the transfer.
[4] Before the October 22, 2007 judgment was signed, the parties disagreed as to its form; FWCC wanted the judgment to contain language that the matter was consolidated with the matter pending in Section 23, but HSP did not want any reference to consolidation, as that was not decided by the trial court. The judgment signed on October 22, 2007 did not contain any language regarding consolidation. However, we note that even if FWCC asserts that such judgment effected a consolidation, only the court in which the first filed case is pending can order such consolidation, which in this case would be Section 23. See La. C.C.P. art. 1561.
[5] According to La. C.C.P. arts. 2001 and 2002, only a final judgment can be annulled. The February 14, 2008 judgment granted the exception of lis pendens and transferred the matter to Section 23. A final judgment is one that determines the merits in whole or in part. La. C.C.P. art. 1841. However, a judgment that determines only preliminary matters is an interlocutory judgment. La. C.C.P. art. 1841. The judgment as it reads does not determine the merits, but rather determines a preliminary issue of where the case will be tried, in Division D or Section 23.

Further, even if the February 14, 2008 judgment is a final judgment, there is no evidence that the trial court lacked subject matter jurisdiction to render that judgment. Contrary to HSP's argument, the action was not automatically dismissed when the trial court orally ruled that it was sustaining HSP's exception of lis pendens, The oral ruling has no effect, but rather, it is the written judgment that disposes of the matter. See McGee v. Wilkinson, 03-1178 (La. App. 1st Cir. 4/2/04), 878 So. 2d 552, 554; see also Marino v. Marino, 576 So. 2d 1196, 1198 (La. App. 5th Cir. 1991).
[6] Based on our decision on the issue of acquiescence, we pretermit discussion of whether the absolute nullity of a judgment can be raised and decided in a summary proceeding.
[7] We note that FWCC requests that HSP be assessed not only the costs on appeal, but also the costs in the trial court based on alleged ex parte communications with the trial court. However, because we do not reach the issue of alleged ex parte communications on appeal, we do not address whether FWCC would be entitled to costs for trial proceedings on that basis.